IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

JASON GRANT DYE,

    **Plaintiff,**

v.      Case No. 24-CV-035-RAW-JAR

BOARD OF COUNTY COMMISSIONERS
FOR McINTOSH COUNTY, MONICA
SMITH, MARY MARTIN, KAREN
HUGHES, ZACHARY TODD, SETH
MORGAN and DILLAN HANIKA,

    **Defendants.**

## OPINION AND ORDER

This civil rights action, brought pursuant to 42 U.S.C. § 1983, is before the court on Defendants Board of County Commissioners of McIntosh County, Monica Smith, Mary Martin, Karen Hughes, Zachary Todd, Seth Morgan and Dillan Hanika ("Defendants") Motion to Dismiss ("Motion"). Dkt. No. 34. The court has before it for consideration Plaintiff's Amended Complaint [Dkt. No. 12], Defendants' Motion [Dkt. No. 34], Plaintiff's Response [Dkt. No. 35] and Defendants' Reply [Dkt. No. 36]. After careful review, the court finds the Motion should be **granted**.

    **I. Background**

Plaintiff, a pretrial detainee being held at the McIntosh County Jail, commenced this action on January 26, 2024. *See* Dkt. No. 1 at 2. He filed this civil rights complaint pursuant to 42 U.S.C. § 1983, seeking relief for alleged constitutional violations he endured at McIntosh County Jail and challenges his initial arrest. *See* Dkt. No. 12. Plaintiff named Board of Commissioners for McIntosh County, Monica Smith, in her official capacity, Mary Martin, in her official capacity, Karen Hughes, in her official capacity, Zachary Todd, in his official capacity, Seth Morgan, in his

official capacity and Dillan Hanika, in his official capactiy. *See id*. Plaintiff contends the individual Defendants committed the following constitutional violations: 1) retaliation for exercising his First Amendment rights; 2) impermissibly opening his legal mail outside of his presence; and 3) arresting him without a warrant or probable cause. *Id*. Defendants responded to the Amended Complaint by way of their Motion to Dismiss. Dkt. No. 34.

## II. Standard of Review

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint should be dismissed for failure to state a claim upon which relief can be granted "only when it appears that the plaintiff can prove no set of facts in support that would entitle him to relief, accepting the well-pleaded allegations of the complaint as true and construing them in the light most favorable to the plaintiff." *Dubbs v. Head Start, Inc*., 336 F.3d 1194, 1201 (10th Cir. 2003) (quoting *Yoder v. Honeywell, Inc*., 104 F.3d 1215, 1224 (10th Cir. 1997)). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs*, 336 F.3d at 1201 (internal quotations and citations omitted).

A request for dismissal pursuant to Rule 12(b)(6) requires the court to determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court is required to exercise a liberal interpretation of Plaintiff's pleadings, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the court need not assume the role of advocate for Plaintiff, and he must present more than conclusory allegations to survive a motion to dismiss for failure to

state a claim, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Id.* (citing cases). "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id.*

### III. Analysis

Plaintiff asserts all three (3) claims against individual Defendants in their official capacity. In Claim 1, Plaintiff alleges Defendant Smith, in her official capacity, placed him in solitary confinement in retaliation for filing grievances against her and denied him access to the courts. Dkt. No. 12 at 8. Concerning Claim 2, Plaintiff alleges Defendants Smith and Hughes, in their official capacities, violated his constitutional rights by opening and inspecting his incoming mail for the court outside of his presence. *Id.* at 11. Finally, concerning Claim 3, Plaintiff alleges Defendants Todd, Hanika and Morgan, in their official capacities, arrested him without a warrant or probable cause. *Id.* at 20.

An official capacity suit "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978). The suit "is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). Thus, "[a] section 1983 suit against a municipality and a suit against a municipal official acting in his or her official capacity are the same." *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs,* 151 F.3d 1313, 1316 n.2 (10th Cir. 1998) (alteration omitted). Municipalities may not be sued under 42 U.S.C. § 1983 on a theory of respondeat superior for the actions of their employees. *Monell*, 436 U.S. at 692. Instead, local governing bodies can be sued directly only where "the action that is alleged to be unconstitutional

implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id.* at 690. Thus, "to establish municipal liability, a plaintiff must show: 1) the existence of a municipal policy or custom and 2) a direct causal link between the policy or custom and the injury alleged." *Graves v. Thomas*, 450 F.3d 1215, 1218 (10th Cir. 2006). The Tenth Circuit has explained that

> [a] municipal policy or custom may take the form of (1) a formal regulation or policy statement; (2) an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; (3) the decisions of employees with final policymaking authority; (4) the ratification by such final policymakers of the decisions—and the basis for them—of subordinates to whom authority was delegated subject to these policymakers' review and approval; or (5) the failure to adequately train or supervise employees, so long as that failure results from "deliberate indifference" to the injuries that may be caused.

*Bryson v. City of Oklahoma City*, 627 F.3d 784, 788 (10th Cir. 2010) (alteration and internal quotation marks omitted).

Plaintiff does not allege that any Defendant acted pursuant to a written or formal municipal policy or custom in Claims 1, 2 or 3. Nor does Plaintiff allege that any Defendant acted in accordance with an informal custom with the force of law.[1] Plaintiff's Amended Complaint is likewise devoid of any facts from which the Court could infer that any Defendant has final policymaking authority, that a final policymaker delegated such authority to any Defendant and ratified one of the Defendant's decisions or that the alleged constitutional violation was the

---

[1] In his Response, Plaintiff argues, "the fact that th[ere] are so many defendants who have played a role in the violations this clearly shows this is the custom of these agents, employees and officers that it amounts to wide spread practice and is so permanent and well settled as to constitute a custom or usage with the force of law." Dkt. No. 35 at 5-6. When determining whether to grant a motion to dismiss, the court is limited to assessing the legal sufficiency of the allegations contained within the four corners of the Amended Complaint. *Jojola v. Chaves,* 55 F.3d 488, 494 (10th Cir. 1995). Accordingly, the court declines to consider new allegations asserted in Plaintiff's Response.

consequence of inadequate training or supervision. Without more, Plaintiff's allegations fail to state a plausible official capacity claim against Defendant Smith, Defendant Martin, Defendant Hughes, Defendant Todd, Defendant Morgan or Defendant Hanika. For the same reasons, Plaintiff's claims against Defendant Board of County Commissioners of McIntosh County likewise fail. Plaintiff's Amended Complaint [Dkt. No. 12] shall be dismissed for failure to state a claim upon which relief can be granted.

## IV. Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss [Dkt. No. 34] is **GRANTED. IT IS HEREBY ORDERED** that:

1. Plaintiff's § 1983 claims against Defendants Board of County Commissioners of McIntosh County, Monica Smith, Mary Martin, Karen Hughes, Zachary Todd, Seth Morgan and Dillan Hanika are DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6);

2. The dismissal shall count as a "prior occasion" or "strike," pursuant to 28 U.S.C. § 1915(g);

3. A separate judgment of dismissal shall be entered in favor of Defendants and against Plaintiff.

Dated this 31st day of March, 2025.

**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**